IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES LEDDA,** | **CIVIL ACTION NO. 4:20-CV-700** |
| Plaintiff | |
| v. | (Judge Conner) |
| **ST. JOHN NEUMANN REGIONAL ACADEMY and DIOCESE OF SCRANTON,** | |
| Defendants | |

# **ORDER**

AND NOW, this 17th day of March, 2021, upon consideration of the report (Doc. 31) of Magistrate Judge Martin C. Carlson, recommending that the court grant the motion (Doc. 21) to dismiss filed by defendants in the above-captioned action, and the court noting that plaintiff James Ledda has objected to the report, (see Doc. 32); see also FED. R. CIV. P. 72(b)(2), and that defendants have filed a response (Doc. 33) thereto, and following *de novo* review of the contested portions of the report, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), the court finding Judge Carlson's analysis to be well-reasoned and fully

supported by the record and the applicable decisional law,[1] it is hereby ORDERED that:

1. The report (Doc. 31) of Magistrate Judge Carlson is ADOPTED.

2. The defendants' motion (Doc. 21) to dismiss is GRANTED.

3. Plaintiff's complaint is DISMISSED without prejudice.

4. Plaintiff is granted leave to file a second amended complaint within 21 days of the date of this order in accordance with Judge Carlson's report and this order. In the absence of a timely filed amended complaint, the Clerk of Court shall close this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

---

[1] The principal deficiency identified in Judge Carlson's report is that Ledda has failed to plead facts that would allow an inference of race discrimination, particularly due to his "conflation of race and racism." (See Doc. 31 at 5, 13). We agree with Judge Carlson's assessment of the amended complaint. See, e.g., DeCarolis v. Presbyterian Med. Ctr. of Univ. of Pa. Health Sys., 554 F. App'x 100, 104 (3d Cir. 2014) (nonprecedential) (agreeing with district court conclusion that "criticism of racism . . . does not demonstrate that discrimination against white people" motivated employee's termination). We take note, however, of Ledda's objection, which states that his "claim is that because he was Caucasian . . . he was subjected to discipline that he would not have been . . . if [he] was African-American." (See Doc. 32 at 2). This theory of disparate treatment, which we read to compare Ledda to other similarly situated *teachers*, rather than *students*, is not contained in the operative complaint. (See generally Doc. 19). Such a theory could, however, support Ledda's claims of reverse discrimination under Title VII. See, e.g., Iadimarco v. Runyon, 190 F.3d 151, 161 (3d Cir. 1999) (stating *prima facie* requirements for reverse discrimination claim). While we make no decision regarding a legitimate factual basis for Ledda's newly articulated theory, we can conceive of certain facts which would support it. Erring on the side of caution, we will grant Ledda leave to amend his complaint within twenty-one days to plead the reverse discrimination theory alluded to in his objection. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).